LAURA RUMSEY McMICKEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

EMMA P. CHADWICK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 5027, 6917.   Promulgated January 27, 1928.

*Maurice R. McMicken, Esq.,* for the petitioners.
*Henry Ravenel, Esq.,* for the respondent.

OPINION.

MORRIS: Counsel for the petitioners in his brief states that this proceeding is a test case brought for the purpose of having the Board construe the " earned income " provision of section 209 of the Revenue Act of 1924 and that the sole question for determination is whether a wife in a community property State is entitled to an " earned income" credit based upon one-half of the total community " earned income," regardless of which spouse rendered the service.

However desirous the petitioner may be to secure a decision on a general question, we deem it our function to decide only those issues which are specifically presented to us on the facts of record, and on those facts in the instant proceedings the only question for our determination is whether a wife, living in the State of Washington, is entitled to the earned income credit under section 209 of the Revenue Act of 1924 on the one-half of her husband's earnings from personal services which she reported in her separate return. In the case of *Ethel Hopkins McLarry* v. *Commissioner*, 8 B. T. A. 1257, we held:

The income-tax statute here under consideration defines earned income to mean " amounts received as compensation for personal services actually rendered." We find no basis in the facts here shown to hold that one-half of the income from the services rendered by petitioner's husband was in fact, or in contemplation of the laws of the State of petitioner's domicile [Texas], received as compensation for personal services actually rendered by this petitioner.

That decision is controlling of the issue herein presented.

*Judgment will be entered for the respondent.*